An appropriate order will be entered.

**Lannie GRINDSTAFF, Plaintiff,**

v.

**SINGER COMPANY, et al., Defendants.**

**No. CIV–2–80–126.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Jan. 19, 1981.

ufacturer of the part thereof claimed to be defective, or unless the manufacturer of the product or part in question shall not be subject to service of process in the state of Tennessee or service cannot be secured by the long-arm statutes of Tennessee or unless such manufacturer has been judicially declared insolvent.

\*     \*     \*     \*     \*     \*

Bob McD. Green, Johnson City, Tenn., for plaintiff.

Arthur M. Fowler, Jr., J. Paul Coleman, Johnson City, Tenn., and Wheeler A. Rosenbalm, Knoxville, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The plaintiff, having amended his complaint herein so as to allege properly this Court's jurisdiction of the subject-matter hereof, the recommendation of the magistrate herein of December 9, 1980 is

MOOT.

This is a diversity, product-liability action, *see* T.C.A. § 23–3702(g), and governed by Tennessee law. 28 U.S.C. § 1652. The plaintiff alleges that he was injured by an air-conditioner " \* \* \* which had been marketed by the defendant, Southern Refrigeration Corporation, manufactured by the defendant, Singer Company, and contained a compressor manufactured by the defendant, Tecumseh Products Company. \* \* \* " He avers further " \* \* \* that the entire air conditioner unit was defective or unreasonably dangerous \* \* \*." Such first-mentioned defendant moved for a dismissal of this action for the failure of the plaintiff to state a claim upon which relief can be granted, or alternatively, for a summary judgment. Rules 12(b)(6), 56(b), Federal Rules of Civil Procedure.

The only claim asserted herein against the movant is based on the doctrine of strict liability in tort. That being so, the plaintiff was not entitled to have commenced or maintained such claim

    \* \* \* unless [the movant] is also the manufacturer of said product or the man-

T.C.A. § 23–3706(b). The plaintiff has not alleged that any one of these situations exists herein; has not offered any affidavits or evidentiary materials contradicting the facts set forth in the affidavits submitted by the movant; and has failed to offer any opposition to the motion. *See* Local Rule 11(f).

It thus appearing that this action, as against the defendant Southern Refrigeration Corporation, is barred by the provisions of T.C.A. § 23–3706(b), the motion of that defendant for a summary judgment hereby is GRANTED. Rule 56(c), Federal Rules of Civil Procedure. Summary judgment will enter, that the plaintiff take nothing from that defendant. Rule 58(1), Federal Rules of Civil Procedure.